IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AZTECK COMMUNICATIONS, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-09-0690 |
| § | |
| UPI COMMUNICATIONS, INC., *et al.*, § | |
| § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

The plaintiff, Azteck Communications, moves under the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, to vacate an arbitration award issued in favor of the defendants, UPI Communications, Inc., Frank Farshad, and Farrokh Farshad. Azteck also moves under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, for a ruling that the arbitration award violated the FAA. Azteck invokes the FAA as a basis for subject-matter jurisdiction. The defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), contending that neither the FAA nor the Declaratory Judgment Act provides an independent grant of subject-matter jurisdiction to federal courts and that the record shows no independent basis for federal jurisdiction. The defendants argue in the alternative that this court should abstain from adjudicating this suit because the same issues are currently pending before a Texas state court. (Docket Entry Nos. 10, 11, 12). Azteck has responded to the motion to dismiss. (Docket Entry Nos. 14, 15).

Based on careful review of the complaint, the motions and responses, and the applicable law, the court grants the motion to dismiss under Rule 12(b)(1) and does not reach the abstention issue. The reasons are explained below.

**I.     Background**

On May 30, 2001, Azteck and the defendants signed a contract entitled the "2001 Voice Stream Master Dealer/Sub-Dealer Agreement." (Docket Entry No. 1, Ex. 1). Both Azteck and UPI Communications are Texas corporations with their principal places of business in Houston. Frank Farshad and Farrokh Farshad are Houston residents. According to Azteck, the 2001 Agreement contained provisions requiring arbitration of all disputes arising under that contract.

In December 2005, Azteck sued the defendants in Texas state court, asserting state-law claims including breach of the 2001 Agreement and violations of the Texas Deceptive Trade Practices Act (DTPA) and seeking damages based on a sworn account. The defendants moved for summary judgment based on a "2002 Voice Stream Master Dealer/Sub-Dealer Agreement" that was produced during discovery. Azteck disputed the authenticity of the 2002 Agreement. The 2002 Agreement contained an arbitration provision stating, in relevant part, that "[t]he arbitration shall be conducted under the commercial arbitration rules of the American Arbitration Association, except to the extent that those rules are modified herein, but shall not be administered by the American Arbitration Association." (Docket Entry No. 1, Ex. 2 ¶ 8.9.1). The 2002 Agreement also stated that "[i]f the parties cannot agree on an arbitrator, the arbitrator shall be selected by the Chief Judge of the United

States District Court for the district in which Dealer's principle [sic] place of business is located, in accordance with the Federal Arbitration Act." (*Id.*, Ex. 2 ¶ 8.9.2).

On June 13, 2007, the Texas state court ordered the parties to arbitration under the 2001 Agreement. In accordance with the court's order, Azteck filed an order for arbitration with the American Arbitration Association (AAA). The defendants then filed an order for arbitration with the AAA under the 2002 Agreement. In June 2008, the arbitrator in the proceeding begun under the 2001 Agreement consolidated the two arbitration proceedings. In August 2008, Azteck unsuccessfully challenged the consolidation in Texas state court. In December 2008, as part of the consolidated arbitration, the arbitrator issued a ruling that the 2002 Agreement replaced the 2001 Agreement, rejecting Azteck's authenticity objections. In this ruling, the arbitrator did not reach the merits of the parties' dispute under the 2002 Agreement, which remains to be resolved in arbitration under the June 13, 2007 state-court order. According to the defendants, Azteck has moved in state court to vacate the arbitrator's decision that the 2002 Agreement was authentic and controlling. (Docket Entry No. 10 ¶ 6).

Azteck filed suit in this court under the FAA, 9 U.S.C. §10, seeking to vacate the arbitrator's award. Section 10 of the FAA provides that a United States District Court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

3

>   (3)   where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>   (4)   where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.  Azteck contends that vacating the award is appropriate because the arbitrator decided that the 2002 Agreement controlled, despite the fact that Azteck did not agree to the selection of the arbitrator.  Azteck relies on the 2002 Agreement provision stating that if the parties could not agree to an arbitrator, the Chief Judge of the United States District Court in the relevant jurisdiction is to select the arbitrator.  (Docket Entry No. 1, Ex. 2 ¶ 8.9.2). Azteck argues that it did not consent to the arbitrator and the defendants did not follow the 2002 Agreement procedure required when the parties did not agree on the arbitrator.  Azteck argues, and seeks a judgment declaring, that the arbitrator's actions in consolidating the two proceedings and determining that the 2002 Agreement was authentic and controlling violated section 5 of the FAA.  That section provides that "[i]f in the agreement provision be made for a method of naming or appointing an arbitrator . . . such method shall be followed."  9 U.S.C. § 5.

   The defendants move to dismiss this suit under Rule 12(b)(1) for lack of subject-matter jurisdiction, arguing that the FAA and Declaratory Judgment Act provide no basis for subject-matter jurisdiction.  The defendants contend that there is no independent basis for

jurisdiction. There is no diversity—all the parties are Texas residents—and no federal claims were at issue in the arbitration. The defendants argue in the alternative that this court should abstain from ruling on Azteck's claims because similar claims to vacate the arbitrator's ruling are pending in state court. Azteck counters that this court has jurisdiction to vacate the award because the 2002 Agreement provided that "the method upon which the arbitrator will be chosen . . . is a Federal District Judge" and the violation of this provision creates the following federal question: "[T]he enforcement of the parties' legal rights under federal law in federal district court as contracted by the parties in the present case." (Docket Entry No. 14 at 2).

The parties' arguments are examined below.

## II.     The Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). "Courts may dismiss for lack of subject-matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th

Cir.1981)). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. When a party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts. In such instances, a court's reference to evidence outside the pleadings does not convert the motion to dismiss to a Rule 56 motion for summary judgment. This court may consider matters outside the pleadings, such as declarations or affidavits, to resolve a factual challenge to subject matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261.

## III.    Analysis

The Supreme Court recently reaffirmed that the FAA "'is something of an anomaly' in the realm of federal legislation" because "[i]t 'bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis' over the parties' dispute." *Vaden v. Discover Bank*, --- U.S. ---, 129 S.Ct. 1262, 1271 (2009) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. ---, ---, 128 S.Ct. 1396, 1402 (2008)). *Vaden* and *Hall* restated and expanded upon the Court's prior holding that although section 4 of the FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, . . . it does not create any independent federal question jurisdiction under 28 U.S.C. §1331." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S.

1, 26 n.34 (1983).

The Fifth Circuit has "held squarely that FAA §10 does not create subject matter jurisdiction." *Oteeva, LP v. X-Concepts LLC,* 253 F. App'x 349, 350 (5th Cir. 2007); *see also Smith v. Rush Retail Ctrs. Inc.*, 360 F.3d 504, 505–06 (5th Cir. 2004) (holding that *Moses Cone* applied with "equal force" to § 10 of the FAA; citing other circuit courts that have reached the same conclusion); *Mellado v. MBNA Am. Bank, N.A.*, No. 3:04-CV-2146, 2004 WL 2937224, at *1 (N.D. Tex. Dec. 17, 2004) (Section 10 of the FAA "does not provide a basis for federal question jurisdiction."). The Fifth Circuit has also stated that the FAA does not provide federal subject-matter jurisdiction over whether an issue was properly before an arbitrator. In *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 163 n.1 (5th Cir. 1998), a party to an arbitration challenged the award on the basis that the arbitration panel had exceeded its authority in the breadth of the claims adjudicated. The Fifth Circuit rejected the challenge, stating that "[i]t is well-established that the Federal Arbitration Act does not create federal jurisdiction." *Id.*

The cases Azteck cites are not to the contrary. In these cases, there was an undisputed independent basis for subject-matter jurisdiction. In *Cargill Rice, Inc. v. Empresa Nicaraguense Dealimentos Basicos*, 25 F.3d 223, 226 (4th Cir. 1994), the court held that when jurisdiction is otherwise present, the court has the power under section 5 to vacate "arbitration awards made by arbitrators not appointed under the method in the parties' contract." *See also Avis Rent-A-Car Sys., Inc. v. Garage Emp. Union, Local 272*, 791 F.2d 22, 25 (2d Cir. 1986) (same); *R.J. O'Brien & Assocs., Inc. v. Pipkin*, 64 F.3d 257, 263 (7th

Cir. 1995) (same).

Azteck contends that this court has subject-matter jurisdiction because the parties to the 2002 Agreement included a provision that a federal judge would appoint the arbitrator if the parties could not agree. Azteck appears to argue that the parties agreed to federal-court jurisdiction. But "it is well established in this circuit that parties cannot confer jurisdiction on a court by agreement." *United States v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008); *see also Howrey v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("[S]ubject-matter jurisdiction cannot be created by waiver or consent.").

Neither the FAA nor the parties' Agreement provides this court with federal subject-matter jurisdiction over this case. Nor does the Declaratory Judgment Act, which by its terms applies only to "case[s] of actual controversy within [a federal district court's] jurisdiction." 28 U.S.C. § 2201. Azteck has not identified any source of federal jurisdiction. The parties are not diverse and the parties' claims in the underlying arbitration all arise under state law. Because no basis for federal subject-matter jurisdiction is identified, dismissal under Rule 12(b)(1) is required.

## IV.     Conclusion

This case is dismissed for lack of subject-matter jurisdiction. Because there is no

subject-matter jurisdiction, this court does not decide whether abstention due to the pending state-court proceedings would otherwise be appropriate.

SIGNED on June 15, 2009, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge